# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALLAN A. PETERSON,**

    **Plaintiff,**

**v.**                                            **CIVIL ACTION NO. 2:06cv118**
                                                     (Judge Maxwell)

**ANDURAY E. WHITE, et al.,**

    **Defendants,**

## REPORT AND RECOMMENDATION
## 42 U.S.C. § 1983

On October 27, 2006, the *pro se* plaintiff, Allan A. Peterson, filed a Bivens' complaint which was docketed as civil action number 2:06cv118 in the Martinsburg point of holding Court. Thereafter, the plaintiff appeared to file an identical Bivens' complaint that was docketed as civil action no. 2:06cv118 in the Elkins point of holding court. The plaintiff was granted leaved to proceed in forma pauperis in the first case and numerous docket entries appear in that case.

On December 12, 2006, the Clerk's office sent a notice in the second case advising the plaintiff that he must either pay the $350.00 filing fee or complete the necessary forms to proceed without prepayment of those fees. When no response was received, the undersigned issued an order to the plaintiff giving him ten (10) ten days to show cause why the second case should not be dismissed. On January 22, 2007, the plaintiff filed his Response to the Order to Show Cause in which he noted that it was never his intention to file a second Bivens' complaint.[1] Moreover, the

---

[1] Specifically, the plaintiff notes that he was actually trying to refile the first complaint with 35 exhibits that were not originally received by the Clerk. The plaintiff also alleges that staff in the prison mail room removed the exhibits and the letter explaining that he was attempting to file exhibits.

plaintiff notes that the second complaint should be dismissed as it is the same complaint that was filed in Martinsburg, and there is no need for two complaints stating the same action. Finally, the plaintiff requests that the complaint and exhibits in this matter be sent to Martinsburg for filing in his original case. Inasmuch as the Martinsburg case has the complaint, and as of January 3, 2007, the exhibits filed in this action, honoring the plaintiff's request would simply file duplicate matters in the original case.

## RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that this complaint be DISMISSED WITHOUT PREJUDICE to the plaintiff's right to proceed with Civil Action No. 3:06cv114.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Court. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984)

The Clerk of Court is directed to mail a copy of this Recommendation to the *pro se* plaintiff..

DATED: January 31, 2007

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE